# Exhibit A

00398360.1

## IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, PA
## CIVIL ACTION - LAW

| | |
|---|---|
| Plaintiff(s)<br><br>Merche Banks<br><br>vs.<br><br>Defendant(s)<br><br>Harry M. White, Greyhound Lines, Inc. and John Doe | File No. C-48-2022-4965<br><br>Jury Trial Demanded<br><br>FILED 2022 JUL 26 PM 3:00<br>COURT OF COMMON PLEAS<br>CIVIL DIVISION<br>NORTHAMPTON COUNTY |

### **NOTICE**

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiffs. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THE OFFICE SET FORTH BELOW MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL SERVICE
P.O. BOX 4733
EASTON, PENNSYLVANIA 18043
TELEPHONE: (610) 258-6333

The Court of Common Pleas is required by law to comply with the Americans with Disabilities Act of 1990. For information about accessible facilities and reasonable accommodations available to disabled individuals having business before the Court, please call 610-559-3000. All arrangements must be made at least 72 hours prior to any hearing or business before the Court. You must attend the scheduled conference or hearing.

## IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, PA
## CIVIL ACTION - LAW

| | |
|---|---|
| Plaintiff(s)<br><br>Merche Banks<br><br>vs.<br><br>Defendant(s)<br><br>Harry M. White, Greyhound Lines, Inc. and John Doe | File No. C-48-CV-2022-4965<br><br>Jury Trial Demanded |

### COMPLAINT

1.  Plaintiff, Merche Banks, is an adult individual, currently residing at 226 Peall Avenue, Syracuse, NY 13217.

2.  Defendant, Harry M. White, is an adult individual currently residing at 179 Royal Oak Drive, White Oak, Allegheny County, PA 15131. At all times pertinent hereto, the said Defendant was acting individually and as an actual and/or apparent principal, agent, servant and/or employee of the Defendant, Greyhound Lines, Inc., and was acting within the scope of his employment with the said Defendant and/or he was furthering their interests. It is alleged in the alternative that the Defendants were on a joint venture.

3.  Defendant, Greyhound Lines, Inc., is a corporation, partnership, unincorporated association, and/or other business entity, with its principal place of business located at 350 North Paul Street, Dallas, Texas 75201. At all material times, said Defendant continuously and substantially operates and does business within Pennsylvania and specifically in the County of Northampton. At all times pertinent hereto, Defendant, Greyhound Lines, Inc., was the employer of Harry M. White, who was

operating and/or controlling a bus owned and/or otherwise controlled by the said Defendant while in the course of his employment, and/or in furthering the interests of each Defendant.

4. The Defendant, John Doe, a fictitious name, is an individual, corporation, and/or other entity who is an owner or operator of the subject bus, and/or contractually obligated and/or otherwise responsible to provide the transportation to the Plaintiff, whose identity, after reasonable investigation, may be currently unknown. Plaintiff's counsel has conducted a reasonable search with due diligence to identify the Defendants. Plaintiff will file a Motion to Amend the Complaint in accordance with Pa.R.C.P. 2005(c) and 1033 upon identifying the actual names of the Defendant or Defendants.

5. On or about August 1, 2020, Plaintiff, Merche Banks, was a paid 3rd row seat passenger on a bus, operated by the Defendant, Harry M. White, owned by Greyhound Lines, Inc., traveling on I76 West in Lower Swatara Township, Pennsylvania. The driver of the bus, Defendant, Harry M. White, acted individually and/or as an actual and/or apparent agent of the Defendant, Greyhound Lines, Inc. The Defendants were operating said bus traveling on I76 West in Lower Swatara Township, Pennsylvania, in the area of mile post 249.3 when the bus struck a delivery truck from behind. The front of the bus, particularly the passenger side, struck the driver side rear corner of the delivery truck. After striking the delivery truck, the bus traveled across the left lane and struck the center concrete barrier with the driver side before traveling along the barrier for approximately 100 feet and coming to final rest in the left lane facing west. As a result of the violent collision, the Plaintiff Merche Banks was thrown from her 3rd row seat and thrown to the front of the bus landing on the floor of the bus, resulting in serious injury and damages more fully described hereinafter.

6. At the time, date and place aforesaid, Plaintiff, Merche Banks, either in fact and/or by operation of law, was vested with full tort rights.

## FIRST CAUSE OF ACTION

### Count I

**MERCHE BANKS**

**vs.**

**HARRY M. WHITE, GREYHOUND LINES, INC. and JOHN DOE**

7.  Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 6, as though same were set forth more fully at length herein.

8.  The careless, negligent, grossly negligent, and/or reckless acts of the Defendants individually and/or through their actual and/or apparent agents, and especially through Harry M. White, at the time, date and place aforesaid consisted of the following:

    (a)  In failing to keep the vehicle he was driving under proper and adequate control;

    (b)  In failing to keep a careful and diligent watch on the highway;

    (c)  In operating the vehicle at an excessive rate of speed and too fast for conditions;

    (d)  In failing to warn the Plaintiff of any abrupt driving maneuvers;

    (e)  In operating the vehicle without regard to the safety, rights and position of the Plaintiff at the aforesaid point;

    (f)  In failing to observe and have due regard for the provisions of the Motor Vehicle Code of the State of Pennsylvania and/or Federal Laws and Regulations pertaining to the operation of buses and particularly with regard to distracted driving, speeding, driving too fast for conditions, careless driving, reckless driving, proper maneuvers, transportation of passengers, etc.;

    (g)  In not paying attention to the manner in which he was operating the vehicle;

    (h)  In failing to keep the vehicle under proper and adequate control at all times;

    (i)  In failing to appreciate the prevailing conditions at or about the scene of the accident;

    (j)  In failing to warn the Plaintiff of the risks that may be posed to her at the

    time, date and place aforesaid;

(k) In causing this injury to the Plaintiff to occur;

(l) In causing the vehicle to stop abruptly throwing and jerking Plaintiff and others out of their seats;

(m) In failing to adequately train its drivers concerning operation of buses, on protecting passengers;

(n) In negligently hiring and/or continuing to employ bus drivers who were not adequately trained or aware of their obligations to passengers.

(o) In failing to pay attention to the traffic and/or roadway or traffic control devices, and/or the conditions and/or in causing himself to be distracted from the task of driving such as by texting, cell phone use, and/or other distraction;

(p) In failing to see what was within plain view;

(q) In failing to pay adequate attention to the traffic patterns ahead;

(r) In negligently, grossly negligently and/or recklessly employing the defendant who had a substantial history of accidents and/or traffic citations which demonstrated that he would be a substantial risk to the travelling public.

9. As a direct and proximate result of the above-described occurrence, the Plaintiff, Merche Banks, sustained serious and severe bodily injuries, including, but not limited to her neck, back, both arms, both hips, both thighs and both lower legs, discs, etc.

10. As a direct and proximate result of the above-described occurrence, the Plaintiff has suffered great mental anguish and physical pain up to the date of the filing of this Complaint, all of which has been to her great financial loss.

11. As a direct and proximate result of the above-described occurrence, the Plaintiff will continue to suffer great mental anguish and physical pain into the future, all of which has been and will continue to be to her great financial loss.

12. As a direct and proximate result of the above-described occurrence, the Plaintiff has incurred substantial medical expenses to date.

13. As a direct and proximate result of the above-described occurrence, the Plaintiff will have to expend large sums of money into the future due to the nature of the injuries sustained by Plaintiff.

14. As a direct and proximate result of the above-described occurrence, the Plaintiff has been unable to pursue her usual occupation for extended periods of time and has suffered lost wages and other lost employment benefits up to the date of the filing of this Complaint, all of which has been to her great financial loss.

15. As a direct and proximate result of the above-described occurrence, the Plaintiff will be unable to pursue her usual occupation for extended periods of time in the future and will suffer lost wages and other employment benefits into the future, all of which will be to her great financial loss.

16. As a direct and proximate result of the above-described occurrence, the Plaintiff has been unable to pursue and enjoy the usual activities of life of an individual of the Plaintiff's age and has suffered a loss of enjoyment of life, loss of life expectancy, loss of happiness and loss of the pleasures of life up to the date of the filing of this Complaint, all of which has been to her great financial loss.

17. As a direct and proximate result of the above-described occurrence, the Plaintiff will be unable to pursue and enjoy the usual activities of life of an individual of the Plaintiff's age and she will suffer a loss of enjoyment of life, loss of life expectancy, loss of happiness and loss of the pleasures of life throughout the remainder of her life, all of which has been to her great financial loss.

18. As a direct and proximate result of the above-described occurrence, the Plaintiff will, in the future, suffer a loss of earning power and capacity, all of which will be to her great financial loss.

WHEREFORE, Plaintiff, Merche Banks, demands judgment against the Defendants, Harry M. White, Greyhound Lines, Inc. and John Doe, for compensatory and punitive damages, for a sum in excess

of Fifty Thousand ($50,000.00) Dollars and in excess of compulsory arbitration limits.

## SECOND CAUSE OF ACTION

### Count I

**MERCHE BANKS**

vs.

**GREYHOUND LINES, INC. AND JOHN DOE**

19. Plaintiff incorporates herein by reference all the allegations contained in paragraphs 1 through 18 inclusively, as though same were set forth more fully at length herein.

20. The careless, negligent, grossly negligent, and/or reckless acts of the Defendants, Greyhound Lines, Inc. and/or John Doe, at the time, date and place aforesaid, consisted of the following:

(a) In negligently/grossly negligently and/or recklessly entrusting their vehicle to the Defendant, Harry M. White, when in the exercise of due care, the Defendant, Greyhound Lines, Inc. and/or John Doe, knew or should have known the following:

(i) that on or about August 1, 2020, the Defendant, Harry M. White, was incompetent and inexperienced or otherwise incapable of operating the Defendants' vehicle.

(ii) that on or about August 1, 2020, the Defendant, Greyhound Lines, Inc. and/or John Doe, by entrusting their vehicle to the Defendant, Harry M. White, created an appreciable risk of harm to others, including the Plaintiff; and,

(b) In permitting the vehicle to be operated when its brake(s) and/or other parts were not safe for operation upon the roadways.

21. The Defendants, Greyhound Lines, Inc. and/or John Doe, are vicariously liable for the liability producing conduct of the Defendant, Harry M. White, because they knowingly permitted the Defendant, Harry M. White, to operate the vehicle in violation of the Motor Vehicle Code at the time of

the accident and/or because Harry M. White, was operating the vehicle in the interests of Defendants, Greyhound Lines, Inc. and/or John Doe.

22. As a direct and proximate result of the above-described occurrence, the Plaintiff sustained all of the injuries and damages set forth in First Cause of Action, incorporated herein by reference.

WHEREFORE, Plaintiff, Merche Banks, demands judgment against the Defendants, Greyhound Lines, Inc. and John Doe, for compensatory and punitive damages for a sum in excess of Fifty-Thousand ($50,000.00) Dollars and in excess of the compulsory arbitration limits.

Respectfully Submitted,

MICHAEL A. SNOVER
I.D. No. 49786
2571 Baglyos Circle, B-25
Bethlehem, PA 18020
(484) 821-1005

Attorney for Plaintiff

## VERIFICATION

I, MICHAEL A. SNOVER, ESQUIRE, being duly sworn according to law, depose and state that I am the attorney for the Plaintiff, and make this pleading on her behalf, that the Plaintiff is outside the Commonwealth of Pennsylvania, that the said Plaintiff is unavailable and unable to make this verification on her own behalf within the time that this pleading is being filed and required to be filed, and that the facts set forth in the foregoing pleading are true and correct to the best of counsel's knowledge, information and belief. This Verification is made pursuant to Pa. R.C.P. 1024 and is based on interviews, conferences, reports, records and other investigatory material in the file.

_____
MICHAEL A. SNOVER

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Attorney for Plaintiff
Signature: *[signature]*
Name: Michael A. Snover, Esq.
Attorney No. (if applicable): 49786

Rev. 09/2017